**Jerson Yadner SANTIZO–CACERES; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74226.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioners.

CAS-District Counsel, San Diego, CA, Ronald E. Lefevre, Chief Counsel, San Francisco, CA, Marion E. Guyton, Esq., Washington, DC, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM **

Jerson Yadner Santizo–Caceres, and his mother, Edelmira Albarran–Caceres, both natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT").

We lack jurisdiction to review the IJ's and BIA's determination that petitioners did not qualify for an exception to the one-year deadline for filing their asylum application. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1221–22 (9th Cir.2005).

We have jurisdiction over petitioners' remaining claims under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), we deny the claims.

Substantial evidence supports the IJ's and BIA's denial of petitioners' withholding of removal claim because they did not establish that it is more likely than not that they will be persecuted in Guatemala on account of a protected ground. *See Al–*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Harbi v. INS,* 242 F.3d 882, 888 (9th Cir. 2001).

Petitioners also failed to establish a CAT claim because they did not show that it was more likely than not that they would be tortured if they returned to Guatemala.

*See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**